IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DERICK DEVON HAYNES, #31338-177, ) | | |
|     Petitioner/Movant, ) | | |
| ) | | |
| v. ) | | 3:07-CV-1032-O |
| ) | | (3:03-CR-372-R(01)) |
| UNITED STATES OF AMERICA, ) | | |
|     Respondent. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* motion to vacate, set aside or correct sentence brought, pursuant to 28 U.S.C. § 2255, by a federal prisoner.

Parties: Movant is presently confined within the Bureau of Prisons. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Movant was charged in a four count indictment with (1) possession with intent to distribute cocaine base, (2) possession with intent to distribute marijuana, (3) carrying and possession of a firearm in furtherance of a drug trafficking crime, and (4) possession of a firearm by a convicted felon. *United States v. Haynes*, 3:03cr372-R(01) (N.D. Tex. Dallas Div.). Following the denial of his motion to suppress evidence, Movant entered into a plea agreement with the government whereby he would plead guilty to counts 1

and 3 of the indictment in exchange for the government dismissing the remaining two counts. While the plea agreement contained a waiver of the right to appeal, it reserved *inter alia* the right to bring an appeal of the court's denial of his motion to suppress. On February 9, 2005, the court imposed a 292-month sentence, and a four-year term of supervised release.

On direct appeal, the federal public defender appointed to represent Movant filed a motion for leave to withdraw along with a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that he could not advance any legally nonfrivolous issues for review. Movant filed a *pro se* pleading seeking the appointment of new counsel to challenge the trial court's denial of his motion to suppress on the basis of the same Fourth Amendment issue raised in this § 2255 motion. The Fifth Circuit dismissed the appeal finding that Movant's response disclosed no nonfrivolous issue for appeal. *See United States v. Haynes*, No. 05-10294 (5th Cir. Jan. 23, 2007) (unpublished per curiam).

On June 11, 2007, Movant filed this § 2255 motion raising two grounds for habeas relief: (1) he alleges his Fourth Amendment right was violated when the police officers deliberately created an exigent circumstance to enter his residence and seize contraband; and (2) his Sixth Amendment right was violated when defense counsel failed adequately to challenge the suppression of the evidence under the exigent circumstance defense alleged in ground 1, and coerced him into pleading guilty rather than going to trial.

Findings and Conclusions: Rule 4(b), of the Rules Governing Section 2255 Proceedings for the United States District Courts, provides in part as follows:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

This § 2255 motion does not present any basis for collateral relief and should be

2

summarily dismissed.

The court cannot reach the merits of Movant's Fourth Amendment claim, independently of his Sixth Amendment claim, because he had a full and fair opportunity to litigate that claim in pre-trial proceedings and on direct appeal. Accordingly, collateral review of Movant's first claim for relief is barred by *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037 (1976). *See United States v. Ishmael*, 343 F.3d 741, 742-743 (5th Cir. 2003) (extending *Stone v. Powell* to § 2255 proceedings).

In his second ground, Movant alleges ineffective assistance of counsel in connection with his failure to raise adequately his Fourth Amendment claim. Movant's plea agreement contains a waiver of appeal and post-conviction remedies. The agreement provides, in relevant part, that:

> [Movant] waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. [Movant], however, reserves the rights to bring: (a) a direct appeal of: (i) pursuant to Federal Rule of Criminal Procedure 11(a)(2), the Court's denial of his Motion to Suppress Evidence; (ii) the Court's determination that the defendant qualifies for enhancement as a career offender under USSG § 4B1.1; (iii) a sentence exceeding the statutory maximum punishment; (iv) an upward departure of the guideline range deemed applicable by the district court; or (v) an arithmetic error at sentencing; and (b) a claim of ineffective assistance of counsel.

(*See* Plea Agreement at ¶ 11).

A defendant can waive his right to appeal and to seek post-conviction relief as part of a plea agreement. *See United States v. White*, 307 F.3d 336, 340-41 (5th Cir. 2002) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights)); *United States v. McKinney*, 406 F.3d 744 (5th Cir. 2005) (enforcing, post-*Booker,* a waiver of appeal rights that was signed prior to the issuance of *Booker* ). *See also United States v. Bond*, 414 F.3d 542 (5th Cir. 2005) (same as *McKinney*). However, this waiver

3

must be informed and voluntary. The trial court must ensure that the defendant fully understands these rights and the consequences of a waiver. *Wilkes*, 20 F.3d at 653 (citing *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992)).

Movant makes no claim that his waiver was not knowingly made, or that he received ineffective assistance in connection with the validity of the waiver. However, he argues that counsel coerced him to plead guilty. (Memorandum at 12). Specifically he asserts that counsel's failure to challenge the suppression of the evidence under the exigent circumstance defense -- namely that the officers created an exigent circumstance in order to enter his residence and seize contraband -- "coerced Movant into pleading guilty rather than going to trial." (*Id.*). Insofar as Movant's claim of ineffective assistance of counsel questions the validity of his plea, his claim is not barred by the waiver. *See White*, 307 F.3d at 343-44 (an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself"). The Court will thus examine his ineffective assistance of counsel claim on the merits.

To establish ineffective assistance of counsel in the context of a guilty plea, a defendant must demonstrate (1) that counsel's performance was deficient, and (2) that there is a reasonable probability that, but for counsel's errors, defendant would not have pled guilty and would have insisted on going to trial (the prejudice prong). *Hill v. Lockhart*, 474 U.S. 52, 57-59, 106 S. Ct. 366, 370 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 2065, 2068 (1984); *United States v. Payne,* 99 F.3d 1273, 1282 (5th Cir. 1996). A court need not address both components of this inquiry if the defendant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069.

4

A warrantless intrusion into an individual's home is presumptively unreasonable unless the person consents or probable cause and exigent circumstances justify the encroachment.  *See Steagald v. United States,* 451 U.S. 204, 211, 101 S.Ct. 1642, 1647 (1981); *Payton v. New York,* 445 U.S. 573, 586, 100 S.Ct. 1371, 1380 (1980); *United States v. Vega,* 221 F.3d 789, 798 (5th Cir. 2000).  The exigent circumstances supporting a warrantless search may not, however, "consist of the likely consequences of the government's own actions or inaction." *Vega,* 221 F.3d at 799; *see also United States v. Jones*, 239 F.3d 716, 720 (5th Cir. 2001).  In determining whether the officers created the exigency, the court must "focus on the 'reasonableness of the officers' investigative tactics leading up to the warrantless entry.'" *Jones*, 239 F.3d at 720 (*quoting United States v. Blount,* 123 F.3d 831, 838 (5th Cir. 1997)).

The Fifth Circuit recognizes "the 'knock and talk' strategy as a reasonable investigative tool when officers seek to gain an occupant's consent to search or when officers reasonably suspect criminal activity " *Jones*, 239 F.3d at 720; *see also United States v. Gomez-Moreno*, 479 F.3d 350, 355 (5th Cir. 2005) ("knock and talk" is appropriate when the officers are not convinced that criminal activity is taking place or that the occupants are armed).

Officer Jaime Castro testified that his purpose in approaching Movant's house was to discuss the numerous citizen complaints about heavy traffic in front of his house, which indicated that possible drug sales may have been occurring.  (Tr. Mot. to `Suppr. at 5, 16-17). This investigative tactic is not inherently unreasonable.  *Jones*, 239 F.3d at 719-21.

Relying primarily on the Fifth Circuit decision in *United States v. Munoz-Guerra,* 788 F.2d 295 (5th Cir. 1986), Movant argues that the officers created the exigent circumstances by approaching his house.  In *Munoz-Guerra,* law enforcement officials received an anonymous tip that individuals were stashing illegal drugs in an empty condominium.  *Id.* at 296-297.  The

5

informant described the occupants and alerted the police to the presence of firearms. *Id.* After corroborating this information, the local police requested the help of the Drug Enforcement Agency (DEA). *Id.* During surveillance of the condominium, one of the DEA agents observed illegal drugs through a window on the ground floor. *Id.* Two agents then climbed over the backyard fence and knocked on the patio door. *Id.* When the suspect answered, the agents ordered him to place his hands on the glass panes and slowly open the door. *Id.* The defendant told the officers that he needed to find the appropriate key. *Id.* Fearing that the suspect might retrieve a gun or destroy evidence, the agents kicked open the door and entered the condominium. *Id.* In reversing the trial court's decision to admit evidence discovered during the search, the Fifth Circuit held that the officers created the exigency by approaching the defendant's condominium under circumstances that would likely necessitate a warrantless search of the home." *Id.* at 298-99.

The Fifth Circuit's decision in *Munoz-Guerra* emphasized that the DEA agents had observed illegal drugs through the condominium's window *before* knocking on the patio door. Once the agents were certain that the occupants were involved in criminal activity, the Fifth Circuit noted that a reasonable "knock and talk" investigation would have been of no value. *Id.* at 297-299.

In contrast, the officers in this case were not sure whether Movant and his partner were involved in any criminal activity before approaching the house that would nullify the purpose of a "knock and talk" investigation. While the officers had conducted a surveillance of the house for about fifteen minutes, they did not know for sure that the occupants had drugs or arms before approaching the house. They had merely witnessed six hand-to-hand exchanges by the front cage door of Movant's house, and did not know exactly what was being exchanged or that the

6

occupants were armed. Because the officers were not convinced that criminal activity was taking place and did not have any reason to believe that the occupants had drugs or weapon, the "knock and talk" procedure was a reasonable investigative tactic under the circumstances of this case, regardless of the fact that eleven police officers were ready as back up. *See Jones*, 239 F.3d at 71-21.

Moreover, it is clear that Movant and his partner, not the police officers, caused the exigent circumstances after the officers properly approached the house and rang the door bell to conduct the "knock and talk." Upon hearing the door bell ring, Movant and his partner came into the living room. (Tr. Mot. to Suppress at 21). As soon as they saw the two police officers standing behind the front cage door, the partner fled by crashing through the window of a side bedroom. (*Id.*). Movant in turn quickly went to the couch by the front door, lifted the first pillow and retrieved a ziploc bag which appeared to contain drugs. He then immediately fled to the side of the house. (*Id.* at 22-23). While Movant lifted the pillow, Officer Castro observed a revolver and another white substance, smaller in size, which he could not identify. (*Id.* at 22).

The facts of this case are similar to *United States v. Jones*, 239 F.3d 716, 718-19 (5th Cir. 2001), where police officers after receiving a tip concerning illegal drug activity at an apartment, approached the apartment, initiated "knock and talk" with the resident, and then observed a handgun in plain view through the screen door, which caused them to enter the apartment and secure the premises. The Fifth Circuit held that the Government did not create the exigent circumstances by approaching the apartment and initiating "knock and talk." *Id.* at 720-22. The police had sufficient reason to conduct the "knock and talk," but not enough information to obtain a search warrant, which would have rendered the knock and talk superfluous. *Id.* In

7

addition, Jones, not the police officers, created the exigent circumstances by leaving a handgun in plain view. *Id.*

As in the *Jones* case, the officers in the present case had reasonable suspicion, but less than probable cause to believe that illegal drug transactions were taking place at the house which justified their decision to employ the "knock and talk" strategy. Contrary to Movant's argument it was not the conduct of the officers in engaging the "knock and talk" technique which created the exigent circumstances, but the actions of Movant himself and his partner after the door bell rang, which in turn allowed the officers to enter the house. Therefore, any argument that his fourth amendment rights were violated due to the officers' actions in creating exigent circumstances would have been wholly without merit. It is well established that counsel is not required to raise frivolous objections. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (citing *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness....").

RECOMMENDATION:

For the foregoing reasons it is recommended that the motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 be DISMISSED summarily. *See* Rule 4 of the Rules Governing § 2255 proceedings.

A copy of this recommendation will be mailed to Movant.

Signed this 17th day of December, 2007.

*[signature: Wm. F. Sanderson, Jr.]*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.