# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **DERICK DEVON HAYNES** | ) | |
| | ) | |
| **v.** | ) | 3-07-CV-1032-M |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |

## SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's order filed on January 30, 2008, Derick Devon Haynes's motion for leave to file an amended § 2255 motion has been referred to the undersigned. The order further directed the magistrate judge to file supplemental recommendations.

A comparison of Haynes's initial § 2255 motion to his amended § 2255 motion reflects that his first and second grounds in each are identical. *See also* his memorandum filed together with his § 2255 motion on June 11, 2007. These claims were addressed in the magistrate judge's recommendation filed on December 17, 2007. There is nothing which Haynes has presented which warrants revision of the recommendation that neither ground was meritorious.

In his third ground for relief in his amended motion, Haynes alleges that his appellate counsel rendered ineffective assistance in failing to present points of error in the direct appeal attacking the district court's denial of his motion to suppress and attacking the sentence imposed.

A criminal defendant is entitled to the effective assistance of counsel in his direct appeal under the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). *See e.g. Smith v. Robbins*, 528 U.S. 259 (2000). As related in the magistrate judge's previous recommendation at page 2, the federal public defender filed a motion to withdraw and an *Anders* brief in Movant's case concluding that there were no legally non-frivolous issues which could be raised on appeal. After considering Haynes's response following the filing of counsel's motion to withdraw the Fifth Circuit

agreed with the attorney's characterization and dismissed the appeal.

The circumstances surrounding the discovery and seizure of illegal drugs in Movant's residence are summarized in the prior recommendation which also concludes that there was no colorable basis for asserting a Fourth Amendment violation. *Id.* at pages 5-8. Since it is clear that there was no error in the district court's denial of Haynes's motion to suppress, counsel on appeal was not ineffective in failing to raise a frivolous ground of error under the Fourth Amendment.

Insofar as Haynes asserts that appellate counsel was ineffective in failing to raise issues with respect to the presentence report and/or the sentence imposed, he has not identified any specific error which would have supported a colorable basis for appellate review, nor has he shown any prejudice. The fact that neither the public defender nor the Fifth Circuit found any non-frivolous issue for appeal merely reinforced the fact that Movant's attack on his appellate counsel's performance is wholly lacking in merit.

**RECOMMENDATION**:

For the reasons stated in the magistrate judge's recommendation filed on December 17, 2007,

as supplemented by this recommendation, Haynes's § 2255 motion should be denied.

A copy of this recommendation shall be transmitted to Movant.

SIGNED this 31st day of January, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.